IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO. 08-00327-CG** |
| | ) | |
| **A. SAMUEL KELLEY, II, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the court on the motions to sever filed by defendants Samuel Kelley (Doc. 224), Mallon (Docs. 228, 311), Silvio (Doc. 254), Everett (Doc. 276), and Robin Kelly (Doc. 305) and the amended response thereto filed by the United States (Doc. 319). For the reasons stated herein, the defendants' motions to sever are due to be **DENIED**.

Defendant, S. Kelley, filed a motion to sever, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, on the grounds that his joinder with the other defendants would cause "compelling prejudice" by compromising his rights to an individual determination of his guilt or innocence in a variety of enumerated ways. Defendants, Mallon and Silvio, have adopted his motion. Defendant, Everett, filed a separate motion to sever, which was joined by R. Kelly and Mallon, in which he asserts that a joint trial would prejudice him and impede his right to a fair trial. Essentially, these defendants argue that joinder of all defendants at trial would lead to jury confusion and the risk of "substantial spillover prejudice" against these defendants because testimony and other evidence will or may be introduced that does not apply to all of the defendants. Defendant, S. Kelley, joined by Mallon and Silvio, also argues that his defense will be antagonistic vis-a-vis other defendants.

Rule 14(a) of the Federal Rules of Criminal Procedure provides that a court may

sever defendants' trials if joinder of multiple defendants appears to prejudice a defendant or the government. Fed. R. Crim. P. 14(a). The determination of a motion to sever is within the discretion of the district court. United States v. Liss, 265 F.3d 1220, 1227 (11th Cir. 2001). "In deciding a severance motion, a district court must balance the right of the defendant to a fair trial against the public's interest in efficient and economic administration of justice." United States v. Baker, 432 F.3d 1189, 1236 (11th Cir. 2005). "The burden is on the defendant to 'demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense.'" United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997) (quoting United States v. Walker, 720 F.2d 1527, 1533 (11th Cir. 1983)). "Severance is justified as a remedy only if the prejudice flowing from a joint trial is clearly beyond the curative powers of [cautionary or limiting] instructions." Baker, 432 F.3d at 1237; see also United States v. Morrow, 537 F.2d 120, 136 (5th Cir. 1976).

The moving defendants have, in very generic terms, asserted three grounds for their contention that severance is due: (1) jury confusion, (2) spillover prejudice, and (3) antagonistic defenses. The defendants offer no specific explanation as to how jurors might be confused by the trial of this matter. The mere fact that the case involves twelve defendants and multiple counts is not enough to prove that the jury will be confused to such an extent as to prejudice the defendants. See, e.g., United States v. Russo, 796 F.2d 1443, 1450 (11th Cir. 1986) (finding no jury confusion in case in which eight defendants were convicted during a "mass jury trial" on RICO and drug charges); Morrow, 537 F.2d at 135-36 (rejecting the defendants' argument that the complexity of a twenty-three defendant case in which all defendants were charged in a single conspiracy count and certain defendants were charged in nine substantive counts prevented the

jury from rationally assessing guilt on an individual basis).

The defendants also argue that severance is warranted in this case because evidence will or may be presented against one defendant that is not relevant to or admissible against other defendants. In addition, Everett, Mallon, and R. Kelly argue that they will be prejudiced by spillover evidence because they have been indicted for unlawful distribution of controlled substances, but have not been included in the money laundering counts. However, "a defendant does not suffer 'compelling prejudice simply because much of the evidence at trial is applicable only to his codefendants' even when the disparity is 'enormous.'" Baker, 432 F.3d at 1236 (quoting Schlei, 122 F.3d at 984) (affirming district court's denial of severance motion filed by defendants in cocaine distribution case in which codefendants were also tried for various murders and other gang violence); see also United States v. Alvarez, 755 F.2d 830, 857 (11th Cir. 1985) (finding that district court did not abuse its discretion in denying severance motion of two defendants charged with cocaine distribution who were tried with codefendants who were also charged with the murder of a federal agent). The court finds this argument to be without merit in this case.

Finally, the defendants argue that the court should grant their motion to sever because the defendants will or may offer antagonistic defenses. "Mutually antagonistic defenses are not per se prejudicial and 'co-defendants do not suffer prejudice simply because one co-defendant's defense directly inculpates another, or it is logically impossible for a jury to believe both co-defendants' defenses.'" United States v. Nguyen, 311 Fed. Appx. 302, 303 (11th Cir. 2009) (quoting United States v. Blankenship, 382 F.3d 1110, 1125 (11th Cir. 2004)). In this case, the defendants have not met their heavy burden of showing that any mutually antagonistic defenses

that are offered would lead to compelling prejudice that could not be overcome by curative instructions.  Id.

The general rule is that persons who are indicted together are tried together.  Nguyen, 311 Fed. Appx. at 303; Morrow, 537 F.2d at 136.  In this case, the defendants have not met their burden of showing that a joint trial will result in specific and compelling prejudice that cannot be overcome by appropriate curative and limiting instructions.

Accordingly, for the reasons stated herein, the defendants' motions to sever are hereby **DENIED**.

**DONE and ORDERED** this 9th day of July, 2009.

      /s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE