**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO. 08-00327-CG** |
| | ) | |
| **A. SAMUEL KELLEY, II, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the court on the motions to strike surplusage filed by defendants Robin Kelly (Docs. 215, 226, 305), Samuel Kelley (Doc. 225), Mallon (Docs. 232, 311), Bennett (Doc. 227), Jason Kelley (Doc. 255), Branch (Doc. 261), Silvio (Docs. 270, 277), Winter (Doc. 275), and Everett (Doc. 282) and the responses thereto filed by the United States (Docs. 221, 314).  As set forth herein, the defendants' motions to strike surplusage are due to be **DENIED**, in part, and **GRANTED**, in part.

## I.  Background

Defendant Robin Kelly, joined by Bennett, Winter, and Silvio, has moved to strike a portion of paragraph 15, the entirety of paragraphs 17 through 20, and the reference to these paragraphs in paragraph 21 of the indictment.  These paragraphs describe, in general, the duties and responsibilities of doctors and pharmacists in writing and filling prescriptions for controlled substances.  These defendants also move to strike certain language in paragraphs 24 and 26 of the indictment.  The challenged portions of paragraphs 24 and 26 state that the defendants distributed anabolic steroids "outside the usual course of professional practice and not for a legitimate medical purpose."  These defendants argue, for the most part in general terms, that the statements in these paragraphs are inflammatory and prejudicial because the matters set forth

therein are not elements of the offense, do not have to be proven, and are not relevant.  The only specific argument advanced by the defendants is that the language "outside the usual course of professional practice and not for a legitimate medical purpose" should be stricken because the Eleventh Circuit has held that an indictment of a practitioner for violation of 21 U.S.C. § 841 does not have to contain an averment that the defendant distributed a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose.  See U.S. v. Steele, 147 F.3d 1316 (11th Cir. 1998).

Defendants Samuel Kelley, Jason Kelley, Everett, Robin Kelly, Mallon, Bennett, Branch, Silvio, and Winter have moved to strike as surplusage the entirety of paragraphs 1 through 20 of the indictment and the superseding indictment (the "Introduction"). For the most part, these defendants make a very general argument that the Introduction is "larded with immaterial, irrelevant and argumentative language calculated to prejudice the jury."  The only specific arguments that the defendants make are that (1) the Introduction "makes conclusory accusations as if they were matters of fact" and (2) the Introduction misstates the law in paragraph 20. Defendants Winter and Branch also specifically seek to have the portion of paragraph 6 that refers to them as a "steroid user" and a "steroid dealer and user," respectively, stricken. With the exception of the argument in reference to paragraph 20 and the arguments of Winter and Branch, these motions are vague as to which portions of the Introduction the defendants want stricken.

The government argues that the defendants have failed to meet their burden of proving that the challenged language is irrelevant, prejudicial, and inflammatory.  The government contends that, because of the novelty and complexity of this case, the Introduction, which sets forth an explanation of the illegal activities, the role of each defendant, the unique drugs

2

involved, and the applicable federal regulations, is important to a meaningful consideration of each of the charges in the indictment. According to the government, the Introduction is a recitation of alleged facts which will mirror the proof that the United States expects to present at trial. Based upon these arguments, the government opposes the motions to strike surplusage.

## II.  Analysis

Rule 7(d) of the Federal Rules of Criminal Procedure provides that, "upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "A motion to strike surplusage from an indictment should not be granted 'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. This is a most exacting standard.'" United States v. Brye, 318 Fed. Appx. 878, 880 (11th Cir. 2009) (quoting United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992)). Thus, this is a two-prong test. To prevail, the defendant must first show that the allegations are not relevant to the charges. Then, if that burden is met, the defendant must show that the challenged language is unfairly prejudicial and inflammatory. See United States v. Williams, 2008 WL 4867748, * 3 (S.D. Fla. 2008) (holding that "even when prejudice can be shown, the Court should not strike the information contained in the indictment if it is relevant to the charged offense"). The issue before the court is, thus, whether the defendants have met the exacting standard necessary to strike the Introduction in its entirety or the challenged portions thereof.

### A. Introduction in its Entirety

As noted above, the moving defendants have requested that the Introduction be stricken in its entirety. Defendant Robin Kelly, joined by several other defendants, has moved in a separate motion for the court to strike paragraphs 15, 17, 18, 19, and 20 (and the references to

these paragraphs in paragraph 21) of the indictment.  As noted above, the defendants, without

any specificity, argue that these paragraphs contain immaterial, irrelevant, argumentative,

inaccurate, and conclusory language that is calculated to prejudice the jury.  The court does not

believe that such a blanket request without more specificity meets the "exacting standard"

required by Eleventh Circuit precedent.  Moreover, the government contends that the

Introduction, in addition to  providing  the background necessary to understand the full scope of

the defendants' activities and conduct, recites alleged facts that will mirror the proof that the

United States expects to present at trial.  "If the language in the indictment is information which

the government hopes to properly prove at trial, it cannot be considered surplusage no matter

how prejudicial it may be (provided, of course, it is legally relevant).  United States v. Thomas,

875 F.2d 559, 562 n.2 (6th Cir. 1989).  Based on the foregoing, the court finds that the

defendants' motions to strike the Introduction (paragraphs 1 through 20 in the indictment and in

the superseding indictment) are due to be denied at this time.  After  the court has heard all the

evidence, the defendants may make a motion to reconsider this ruling as to specific surplus

language that they contend is unfairly prejudicial and inflammatory.

### B.  Paragraphs 24 and 26

Defendant Robin Kelly, joined by several other defendants, has moved to strike the

portions of paragraphs 24 and 26 of the indictment which state that the defendants distributed

anabolic steroids "outside the ususal course of professional practice and not for a legitimate

medical purpose."  The defendants argue that this language should be stricken because the

Eleventh Circuit has held that an indictment for the offenses alleged in this case does not have to

contain this language.  See United States v. Steele, 147 F.3d 1316, 1317 (11th Cir. 1998).

4

Contrary to the defendants' argument, the court does not believe that it necessarily follows that because such language is not required, it is therefore prohibited.  The court is aware of no precedent (and defendants have cited none) that would prevent the indictment from giving notice to the accused that the government intends to rebut a defense based on the "usual course of professional practice" exception.  The government argues that the challenged language is relevant to the charged offenses.  The defendants have not shown otherwise, nor have the defendants shown how inclusion of this language is unfairly prejudicial.  Therefore, the court finds that the motions as to paragraphs 24 and 26 are due to be denied.

### C.  Paragraph 6

Defendant Winter has moved to strike the portion of paragraph 6 of the superceding indictment that refers to him as a "steroid user."  Defendant Branch has moved to strike the portion of paragraph 6 that refers to him as a "steroid dealer and user."  These defendants argue that this language is not relevant and is unfairly prejudicial.  The government has not responded specifically to these motions.  The court notes first that the language that Branch is a steroid dealer is clearly relevant to the charged offense; i.e., that he participated in illegally distributing anabolic steroids.  Therefore, the term "steroid dealer" is not due to be stricken.  See, e.g., United States v. Williams, 2008 WL 4867748, *3 (S.D. Fla. 2008) (denying motion to strike the term "stock promoter" because it was descriptive of the conduct alleged in the indictment and relevant to the offense charged).

The term "steroid user" is a little more troubling.  The indictment does not charge these defendants with illegally using anabolic steroids; therefore, the defendants' alleged use of steroids is not relevant to the offenses charged.  The court is inclined to agree that this language

was included simply to inflame the jury.  Therefore, the court finds that the term "steroid user" in paragraph 6 of the indictment and the superseding indictment is unfairly prejudicial to these defendants and is due to be stricken.

## III.  Conclusion

Accordingly, for the reasons stated herein, the defendants' motions to strike as surplusage paragraphs 1 through 20, paragraph 21, and the challenged language in paragraphs 24 and 26 of the indictment and the superceding indictment are hereby **DENIED WITHOUT PREJUDICE**. Defendant Branch's motion to strike as surplusage the language "steroid dealer" in paragraph 6H of the indictment and the superceding indictment is **DENIED**.  Defendant Branch's motion to strike as surplusage the language "steroid user" in paragraph 6H of the indictment and the superceding indictment and defendant Winter's motion to strike as surplusage the language "steroid user" in paragraph 6I of the superseding indictment are **GRANTED**.

**DONE and ORDERED** this 17th day of July, 2009.


_____/s/   Callie V. S. Granade_____
CHIEF UNITED STATES DISTRICT JUDGE