**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO. 08-00327-CG** |
| | ) | |
| **A. SAMUEL KELLEY, II, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the court on the motions to suppress filed by defendants, Samuel

Kelley (Doc. 222), Bennett (Doc. 227), Mallon (Doc. 235), Silvio (Doc. 262), Branch (Doc.

263), Winter (Doc. 275), and Jason Kelley (Doc. 283) and the response thereto filed by the

United States (Doc. 324).  For the reasons stated herein, the defendants' motions to suppress are

due to be **DENIED**.

## I.  Background

On March 23, 2006, the DEA applied for an order authorizing the interception of wire

and electronic communications occurring to and from the T-1 line registered to Applied

Pharmacy Services ("APS").  The moving defendants are officers, employees, and business

associates of APS.  The T-1 line included six telephone numbers, the fax machine attached to

three other telephone numbers, and fifteen sequential IP addresses.  In support of its request, the

DEA submitted a 57-page affidavit, authored by Special Agent Micah Miller, which described

the investigation, including witness interviews, undercover contacts, and other means of

investigation.  The affidavit also identified the targets of the investigation, described the

suspected violations of federal law, described APS and its business practices, discussed the need

for interception, and discussed the methodology for the requested interception.  After

consideration of the matter, the court found that probable cause supported interception of the T-1 line and authorized interception for a total of 60 days, from March 27, 2006, to May 24, 2006.

On May 25, 2006, the DEA applied for an order authorizing the interception of wire communication from Jason Kelley's cellular telephone.  The court authorized interception for a total of 120 days, with brief interruptions, from May 26, 2006, to September 28, 2006.

The moving defendants, through separate but virtually identical motions, have requested an order suppressing any and all information, including the fruits thereof, obtained pursuant to, or as the result of, the March 23, 2006, order authorizing interception of wire and electronic communications occurring to and from APS's T-1 line.  Jason Kelley also requests an order suppressing evidence obtained as a result of the May 25, 2006, order authorizing the interception of wire communications to and from his cellular telephone.  In addition, the defendants request an evidentiary <u>Franks</u> hearing to determine if the affidavit submitted in support of the wiretaps misstated or omitted material facts.  The defendants base their motions on the following grounds: (1) the application for the interception of wire and electronic communications did not meet the "necessity requirement;" (2) the affiant intentionally or recklessly omitted material information from the affidavit; therefore, a <u>Franks</u> hearing is required; (3) the supporting affidavit fails to establish probable cause; and (4) the Attorney General did not make the specific designation required by 18 U.S.C. §2516(1).

**II.  Analysis**

    **A.  "Necessity" Requirement**

"Pursuant to 18 U.S.C. §2518, court-ordered electronic surveillance is prohibited unless the government demonstrates the necessity of such techniques."  <u>United States v. Wilson</u>, 314

Fed. Appx. 239, 243 (11th Cir. 2009)(citing United States v. Carrazana, 921 F.2d 1557 (11th Cir.

1991)).  An application for a wiretap must include "a full and complete statement as to whether

or not other investigative procedures have been tried and failed or why they reasonably appear to

be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. §2518(1)(c).  If this statement

is set forth in the application, the court must then make an independent determination that

"normal investigative procedures have been tried and have failed or reasonably appear to be

unlikely to succeed if tried or to be too dangerous."  18 U.S.C. §2518(3)(c).

> This "necessity" requirement is "designed to ensure that electronic surveillance is
> neither routinely employed nor used when less intrusive techniques will succeed."
> United States v. Van Horn, 789 F.2d 1492, 1496 (11th Cir. 1986)(citing United
> States v. Giordano, 416 U.S. 505, 515, 94 S. Ct. 1820, 1826, 40 L. Ed. 2d 341
> (1974)).  The legislative history of §2518 makes clear that the intercept
> application must be tested in a "practical and commonsense fashion."  United
> States v. Hyde, 574 F.2d 856, 867 (5th Cir. 1978)(internal citations omitted).  The
> "determination of when the Government has satisfied [the necessity requirement]
> must be made against flexible standards, and each case must be examined on its
> own facts."  Id.

United States v. Olmedo, 552 F. Supp. 2d 1347, 1362-63 (S.D. Fla. 2008).  "The Government is

not required to show that all other investigative methods have been wholly unsuccessful."

Wilson, 314 Fed. Appx. at 243.

In their motions, the defendants suggest three ways that the government could have

obtained further information about their alleged criminal enterprise: (1) the undercover agent

could have attempted to purchase steroids; (2) the government could have used the regulatory

powers of various federal and state agencies to get information; and (3) cooperating witnesses

could have telephoned subjects of the investigation.  A review of the 57-page affidavit submitted

in support of the application reveals that these ideas were adequately addressed in the affidavit

and/or would provide the government with little more than substantiation of information already

gathered.  The court finds that the submitted affidavit addressed the extensive investigative

methods already used by multiple agencies over an extended period of time, the reasons why

other and/or additional traditional investigative methods would not succeed, and the necessity for

the wiretap.  "This circuit has repeatedly held that, where conventional techniques will not show

the entire scope of the conspiracy, a wiretap is permissible, even in those situations where

conventional techniques will allow for the arrest and conviction of some members."  Olmedo,

552 F. Supp. 2d at 1365-66 (citing Hyde, 574 F.2d at 868-69 (holding that "[a]lthough the

government has actual knowledge of a conspiracy and evidence sufficient to prosecute one of the

conspirators, it is unrealistic to require the termination of an investigation before the entire scope

of the narcotics distribution network is uncovered and the identity of the participants learned")).

 The court finds that the government met the necessity requirements of 18 U.S.C. §2518

in its application for a wiretap.  Therefore, the defendants' motions to suppress on this ground

fail.

**B.  Franks Hearing**

 Affidavits supporting applications for wiretaps are presumptively valid.  Franks v.

Delaware, 438 U.S. 154, 171 (1978); see United States v. Novaton, 271 F.3d 968, 986 (11th Cir.

2001)(holding that Franks, which involved a search warrant affidavit, applies to an affidavit in

support of a wiretap order, as well).

> In order to be entitled to an evidentiary hearing on a motion to suppress based on
> alleged misrepresentations or omissions in a [wiretap] affidavit, a defendant must
> make a substantial preliminary showing that the affiant made false statements,
> either intentionally or with reckless disregard for the truth, pointing specifically to
> the portions of the affidavit claimed to be false, and that the false statements were
> necessary to the finding of probable cause. ... When assessing whether the alleged
> false statements and omissions were material, the trial court is to disregard those
> portions of the affidavit which the defendant has shown are arguably false or

4

misleading. ... "[E]ven intentional or reckless omissions will invalidate a [wiretap] only if inclusion of the omitted facts would have prevented a finding of probable cause." ... Looking only at the remaining portions of the affidavit, the court will then determine whether including the omitted facts would have prevented a finding of probable cause. ... The defendant bears the burden of showing that, "absent those misrepresentations or omissions, probable cause would have been lacking."... "'[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the [wiretap] affidavit to support a finding of probable cause, no hearing is required.'"

United States v. Kapordelis, 569 F.3d 1291, 1309 (11th Cir. 2009)(internal citations omitted).

In this case, the defendants claim that the affiant intentionally or recklessly omitted information from the affidavit. Specifically, the defendants claim that the affiant left out some of the details of an undercover contact he had with two of the defendants. To be entitled to a Franks hearing on the ground that information was omitted from the supporting affidavit, the defendant must make a "substantial preliminary showing" that the affiant intentionally or recklessly omitted information. Franks, 438 U.S. at 154. The defendants have made no such showing. Their only claim of omission is that the affiant did not include details of some of the statements made by two of the defendants during an undercover contact. The defendants have provided no evidence that this omission was intentional or reckless.

Even if the defendants had made a substantial preliminary showing that the information they cite was intentionally or recklessly omitted, their request for a hearing would still be futile because they cannot meet the second prong of the Franks requirements. Inclusion of the omitted facts would not have vitiated the court's finding of probable cause. Therefore, the defendants' request for a Franks hearing must be denied.

### C.  Probable Cause

"An application for a wiretap authorization must be supported by the same probable

5

cause necessary for a search warrant." United States v. Gonzalez Perez, 283 Fed. Appx. 716, 721 (11th Cir. 2008).  One of the requirements of 18 U.S.C. §2518(3), which governs issuance of wiretap orders, is that the issuing court must find that "there is probable cause for belief that particular communications concerning [the] offense will be obtained through such interception." "The issuing [court] is to make a 'practical, common-sense decision' about whether the 'totality of the circumstances' indicate that there is probable cause that the sought-for evidence will be obtained." Gonzalez Perez, 283 Fed. Appx. at 721 (quoting United States v. Nixon, 918 F.2d 895, 900 (11th Cir. 1990)).

The bulk of the defendants' argument concerning probable cause is their contention that the affidavit in support of the wiretap does not prove that the acts alleged to have been committed by them were illegal.  This is obviously a matter of dispute between the government and the defendants.  However, the court found at the time the wiretap order was issued and still finds, based upon the submitted affidavit, that there was probable cause to believe that the targets of the investigation and potentially others had committed and/or were committing violations of federal drug laws, conspiracy laws, and money laundering laws and that there was probable cause to believe that particular wire communications of the targets and others concerning these violations would be obtained through the interception of these wire communications.

The defendants also argue that probable cause was lacking because the affidavit relied upon stale information.  The defendants claim that the bulk of the information was one to two years old.  Even assuming that to be true, it does not defeat the court's finding of probable cause. Information supporting the application for a wiretap must show that probable cause exists at the time the wiretap order is issued.  See United States v. Bervaldi, 226 F.3d 1256, 1264 (11th Cir.

6

2000).  "There is no particular rule or time limit for when information becomes stale."  <u>Id</u>. at

1265.  "The circuits hold that, ... if an affidavit recites activity indicating protracted or

continuous conduct, time is of less significance."  <u>United States v. Bascaro</u>, 742 F.2d 1335,

1345-46 (11th Cir. 1984); <u>see also</u> <u>United States v. Harris</u>, 20 F.3d 445, 451 (11th Cir.

1994)("Although most of the information contained in the affidavit referred to events which took

place over two years before Geer applied for the warrant, the affidavit nonetheless alleged a

longstanding and protracted criminal conspiracy....  Because the affidavit alleged ongoing

activity and a continuing relationship between the coconspirators, the information is not fatally

stale."); <u>United States v. Domme</u>, 753 F.2d 950, 953 (11th Cir. 1985)("When criminal activity is

protracted and continuous, it is more likely that the passage of time will not dissipate probable

cause.").  The supporting affidavit in this case alleged a protracted and continuous conspiracy;

therefore, under the facts of this case, the information relied upon therein was not fatally stale.

### D.  Attorney General's Designation

The defendants contend that Order 2758-2005 executed by then Attorney General

Alberto R. Gonzalez is invalid because it failed to specifically designate an official to authorize

the request for a wiretap and that, therefore, because this court relied upon that order, this court's

wiretap order is also invalid.  18 U.S.C. §2516(1) provides:

> The Attorney General, Deputy Attorney General, Associate Attorney General, or
> any Assistant Attorney General, any acting Assistant Attorney General, or any
> Deputy Assistant Attorney General, or acting Deputy Assistant Attorney General
> in the Criminal Division or national Security Division specially designated by the
> Attorney General, may authorize an application to a Federal judge of competent
> jurisdiction for, and such judge may grant in conformity with section 2518 of this
> chapter an order authorizing or approving the interception of wire or oral
> communications by the Federal Bureau of Investigation, or a Federal agency
> having responsibility for the investigation of the offense as to which the
> application is made.

Thus, an application to intercept wire communications submitted to a judge must be authorized by one of the officials listed in §2516(1).

The Gonzalez Order tracks the language of the statute and specifically designates the "Assistant, Acting Assistant, any Deputy Assistant and any Acting Deputy Assistant Attorney General of the Criminal Division" to authorize wiretaps. The wiretap application presented in this case was authorized by Alice S. Fisher, Assistant Attorney General for the Criminal Division, and signed by Barry Sabin, Acting Deputy Assistant Attorney General for the Criminal Division. The court finds that the Gonzalez Order meets the requirements of §2516(1) and is, therefore, valid. See United States v. Johnson, 2008 WL 1820104, * 3 (E.D. La. 2008)(holding that a wiretap authorization executed by Barry Sabin was valid). Likewise, the court's wiretap order is also valid.

### III.  Request for Extension of Time to Amend Motion

The defendants request an extension of time to October 1, 2009, to amend their motions to suppress to include specific minimization objections. The defendants were provided with CDs and DVDs containing duplicates of all the intercepted communications on February 11, 2009. The defendants had until June 5, 2009, to file their motions. The defendants have offered no reason why that time was not sufficient to make a determination regarding any minimization objections. Therefore, the defendants' motions for an extension of time to amend their motions to suppress are denied.

### IV.  Conclusion

Accordingly, for the reasons stated herein, the defendants' motions to suppress are hereby **DENIED**. The defendants' motions for an extension of time to amend their motions to

suppress are also hereby **DENIED**.

    **DONE and ORDERED** this 17th day of August, 2009.


           ___/s/ Callie V. S. Granade_____
           CHIEF UNITED STATES DISTRICT JUDGE