IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO. 08-00327-CG** |
| | ) | |
| **A. SAMUEL KELLEY, II, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the court on the second motion to sever filed by defendant A. Samuel Kelley (Doc. 415). The only argument this defendant now makes, in addition to the grounds previously alleged in a motion which was denied, is that the government has filed a notice of 404(b) evidence against some of the co-defendants, which 404(b) evidence in no way involves defendant A. Samuel Kelley. Kelley argues that the potential for prejudicial confusion is unavoidable, and that the only remedy is to either exclude the 404(b) evidence, or grant Kelley a severance.

"Severance is justified as a remedy only if the prejudice flowing from a joint trial is clearly beyond the curative powers of [cautionary or limiting] instructions." Baker, 432 F.3d at 1237; see also United States v. Morrow, 537 F.2d 120, 136 (5th Cir. 1976). Also, "a defendant does not suffer 'compelling prejudice simply because much of the evidence at trial is applicable only to his codefendants' even when the disparity is 'enormous.'" Baker, 432 F.3d at 1236 (quoting Schlei, 122 F.3d at 984) (affirming district court's denial of severance motion filed by defendants in cocaine distribution case in which codefendants were also tried for various murders and other gang violence); see also United States v. Alvarez, 755 F.2d 830, 857 (11th Cir. 1985) (finding that district court did not abuse its discretion in denying severance motion of

two defendants charged with cocaine distribution who were tried with codefendants who were also charged with the murder of a federal agent). Although Kelley's motion makes the assertion that "a jury charge would be insufficient to prevent a jury from considering this 404(b) evidence . . . in an impermissible fashion, and to prevent undue prejudice under a Rule 403 analysis,"[1] it does not explain why a jury instruction would be ineffective.  The court finds that a limiting instruction would be appropriate concerning the 404(b) evidence, and there is no reason to infer that the jury will not be able to follow that instruction.

      Accordingly, the second motion to sever is **DENIED**.

      **DONE and ORDERED** this 28th day of December, 2009.

      /s/   Callie V. S. Granade
      CHIEF UNITED STATES DISTRICT JUDGE

---

[1] See defendant's motion (Doc. 415) at pp. 2-3.