# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | **CRIMINAL CASE NO. 08-00327-CG** |
| ) | |
| **A. SAMUEL KELLEY, II,** ) | |
| **JASON R. KELLEY,** ) | |
| **JODI C. SILVIO,** ) | |
| **J. MICHAEL BENNETT,** ) | |
| **ROBIN K . KELLY,** ) | |
| **J. MALLORY MALLON,** ) | |
| **ROGER A. EVERETT,** ) | |
| **BRETT W. BRANCH,** ) | |
| **DANIEL C. RIEDEL,** ) | |
| **RONALD E. WINTER,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

The above-styled action came on for trial by jury on January 4, 5, 6, 7, 8, 11, 12, 13, 14, 15, 19, 20, 21, 22, 25, 26, 27, 28 and 29, 2010, and February 1, 2, 3, 4, 5, 8, and 9, 2010 before Chief United States District Judge Callie V. S. Granade.  The jury was selected by and sworn before Judge Granade on January 4, 2010.

The United States presented its case in chief from January 4, 2010, through January 27, 2010, and rested.  On January 4, 2010, a hearing was held outside the presence of the jury at which the joint motion in limine to preclude the government from arguing to the jury that the filling of a prescription by a compounding pharmacy for a compounded medication for human use is illegal or unlawful because of lack of FDA approval filed by A. Samuel Kelley and Jason R. Kelley (Doc. 435) was **DENIED**.  On January 26, 2010, the United States orally moved to dismiss Count 87 of the Superseding Indictment, and said motion was granted by separate order. During presentation of the United States' case, the following motions (or portions thereof that

were not ruled on prior to trial) were rendered **MOOT**:

1) United States' motion in limine regarding anabolic steroids being approved for use in a foreign country (Doc. 423).

2) Motion to exclude testimony of expert witness Paul Doering made by A. Samuel Kelley, Jason Kelley, Jodi C. Silvio, Robin K. Kelly and J. Michael Bennett (Doc. 366).

3) Defendant Everett's Motion in limine to suppress any evidence from the proceedings under the Georgia Board of Dentistry or the Alabama State Board of Pharmacy (Doc. 267).

4) Motion to exclude testimony of Expert Witness Dr. Gary Wadler made by A. Samuel Kelley, Jason Kelley, Jodi C. Silvio, Robin K. Kelly, J. Michael Bennett, and Roger A. Everett (Doc. 377).

5) Defendant Brett Branch's Motion in limine to preclude certain testimony of defendant's ex-wife (Doc. 424).

6) Defendant J. Michael Bennett's motion in limine to preclude introduction into evidence of potential 404(b) evidence set forth in the notice filed by the government on December 18, 2009.  (Doc. 431)

A hearing was held outside the presence of the jury regarding the defendants' oral and written motions for judgment as a matter of law on January 28, 2010.  The court granted in part and denied in part the motions of defendants J. Michel Bennett and J. Mallory Mallon, and denied the motions of A. Samuel Kelley, II, Jason R. Kelley, Jodi C. Silvio, Robin Kelly, Roger A. Everett, Brett W. Branch and Ronald E. Winter by separate order on January 29, 2010 (Doc. 602).  Defendant Daniel C. Riedel's motion for judgment of acquittal was granted, and said defendant was dismissed by separate order. (Doc. 602)

Defendants presented joint evidence on January 29, 2010, and defendants A. Samuel Kelley, II, Jason R. Kelley, Jodi C. Silvio, J. Michael Bennett, Robin K. Kelly, J. Mallory Mallon and Roger A. Everett rested.  Defendant Brett W. Branch presented his evidence on January 29, 2010 and February 1, 2010, and rested.  Defendant Ronald E. Winter presented his evidence on February 1, 2010, and rested.  The United States presented its rebuttal evidence on February 1, 2010, and rested.  At the close of all the evidence, the defendants orally renewed their motions for judgment of acquittal, and said motions were denied by separate order.  A charge conference was held with counsel on February 1, 2010.  Counsel made their closing arguments to the jury on February 2 and 3, 2010.  On February 3, 2010, the court charged the jury on the applicable law and the jury commenced their deliberations.

Now, on the 8th day of February, 2010, comes the jury who having heard the evidence, the arguments of counsel, the charge of the court, and having considered the same upon their oaths, return their verdicts into open court, which were entered on the docket on February 8, 2010 (Docs. 618-626), with counsel and defendants present, to wit:

In accordance with the jury's findings, it is ADJUDGED that the defendant, A. SAMUEL KELLEY, II, has been found GUILTY and CONVICTED of the offenses of conspiracy to distribute and dispense Schedule III controlled substances in violation of Title 21, U.S.C., § 846, and Title 18, U.S.C., § 2 as charged in Count 1 of the Superseding Indictment; unlawful distribution and dispensing of controlled substances in violation of Title 21, U.S.C., § 841(a)(1), and Title 18, U.S.C., § 2, as charged in Counts 2- 82 of the Superseding Indictment; unlawful distribution of a controlled substance to a person under 21 years of age in violation of Title 21, U.S.C., § 859, and Title 18, U.S.C., § 2 as charged in Counts 83 - 86 and 88 - 95 of the

Superseding Indictment; conspiracy to commit money laundering in violation of Title 18 U.S.C., § 1956(h), 1956(a)(1)(A)(i) and 2 as charged in Count 96 of the Superseding Indictment; and money laundering in violation of Title 18 U.S.C., § 1956(a)(1)(A)(i) and 2 as charged in Counts 98, 102, 105, 107, 110, 112, 115, 119, 120, 123, 126, 129, 131, 133, 135, 139, 142, 145, 148, 151, 154, 159, 162, 164, 166, 170, 172, 177, 178, 181, 184, 186, 188, 192, and 195 of the Superseding Indictment.

In accordance with the jury's findings, it is ADJUDGED that the defendant, JASON R. KELLEY, has been found GUILTY and CONVICTED of the offenses of conspiracy to distribute and dispense Schedule III controlled substances in violation of Title 21, U.S.C., § 846 and Title 18, U.S.C., § 2 as charged in Count 1 of the Superseding Indictment; unlawful distribution and dispensing of controlled substances in violation of Title 21, U.S.C., § 841(a)(1), and Title 18, U.S.C., § 2 as charged in Counts 2 - 82 of the Superseding Indictment; unlawful distribution of a controlled substance to a person under 21 years of age in violation of Title 21, U.S.C., § 859, and Title 18, U.S.C., § 2 as charged in Counts 83 - 86 and 88 - 95 of the Superseding Indictment; conspiracy to commit money laundering in violation of Title 18 U.S.C., § 1956(h), 1956(a)(1)(A)(i) and 2 as charged in Count 96 of the Superseding Indictment; and money laundering in violation of Title 18 U.S.C., § 1956(a)(1)(A)(i) and 2 as charged in Counts 99, 101, 104, 109, 113, 114, 117, 122, 124, 132, 137, 138, 140, 143, 146, 149, 152, 156, 158, 160, 163, 167, 171, 173, 176, 180, 183, 187, 189, 193, and 196 of the Superseding Indictment.

In accordance with the jury's findings, it is ADJUDGED that the defendant, JODI C. SILVIO, has been found GUILTY and CONVICTED of the offenses of conspiracy to distribute and dispense Schedule III controlled substances in violation of Title 21, U.S.C., § 846 and Title

18, U.S.C., § 2 as charged in Count 1 of the Superseding Indictment; unlawful distribution and dispensing of controlled substances in violation of Title 21, U.S.C., § 841(a)(1), and  Title 18, U.S.C., § 2 as charged in Counts 59 - 82 of the Superseding Indictment; conspiracy to commit money laundering in violation of Title 18 U.S.C., § 1956(h), 1956(a)(1)(A)(i) and 2 as charged in Count 96 of the Superseding Indictment; and money laundering in violation of Title 18 U.S.C., § 1956(a)(1)(A)(i) as charged in Counts 97, 100, 103, 106, 108, 111, 116, 118,  121, 125, 127, 128, 130, 134, 136, 141, 144, 147, 150, 153, 155, 157, 161, 165, 168, 169, 174, 175, 179, 182, 185, 190, 191, and 194 of the Superseding Indictment.

In accordance with the jury's findings, it is ADJUDGED that the defendant, J. MICHAEL BENNETT, has been found GUILTY and CONVICTED of the offenses of conspiracy to distribute and dispense Schedule III controlled substances in violation of Title 21, U.S.C., § 846 and Title 18, U.S.C., § 2 as charged in Count 1 of the Superseding Indictment; unlawful distribution and dispensing of controlled substances in violation of Title 21, U.S.C., § 841(a)(1), and  Title 18, U.S.C., § 2 as charged in Counts 28 and 29 of the Superseding Indictment; and unlawful distribution of a controlled substance to a person under 21 years of age in violation of Title 21, U.S.C., § 859, and  Title 18, U.S.C., § 2 as charged in Counts 88 and 89 of the Superseding Indictment.

In accordance with the jury's findings, it is ADJUDGED that the defendant, ROBIN K. KELLY, has been found NOT GUILTY and ACQUITTED of the offenses of conspiracy to distribute and dispense Schedule III controlled substances in violation of Title 21, U.S.C., § 846 and Title 18, U.S.C., § 2 as charged in Count 1 of the Superseding Indictment; unlawful distribution and dispensing of controlled substances in violation of Title 21, U.S.C., § 841(a)(1),

and Title 18, U.S.C., § 2 as charged in Counts 2 - 4, and 52 - 58 of the Superseding Indictment; unlawful distribution of a controlled substance to a person under 21 years of age in violation of Title 21, U.S.C., § 859, and Title 18, U.S.C., § 2 as charged in Counts 83 - 86 and 90 - 94 of the Superseding Indictment.

In accordance with the jury's findings, it is ADJUDGED that the defendant, J. MALLORY MALLON, has been found NOT GUILTY and ACQUITTED of the offenses of conspiracy to distribute and dispense Schedule III controlled substances in violation of Title 21, U.S.C., § 846 and Title 18, U.S.C., § 2 as charged in Count 1 of the Superseding Indictment; unlawful distribution and dispensing of controlled substances in violation of Title 21, U.S.C., § 841(a)(1), and Title 18, U.S.C., § 2 as charged in Counts 5 - 35, 40 - 51 of the Superseding Indictment; and unlawful distribution of a controlled substance to a person under 21 years of age in violation of Title 21, U.S.C., § 859, and Title 18, U.S.C., § 2 as charged in Count 95 of the Superseding Indictment.

In accordance with the jury's findings, it is ADJUDGED that the defendant, ROGER A. EVERETT, has been found NOT GUILTY and ACQUITTED of the offenses of conspiracy to distribute and dispense Schedule III controlled substances in violation of Title 21, U.S.C., § 846 and Title 18, U.S.C., § 2 as charged in Count 1 of the Superseding Indictment; unlawful distribution and dispensing of controlled substances in violation of Title 21, U.S.C., § 841(a)(1), and Title 18, U.S.C., § 2 as charged in Counts 30, 69, 70, 76 - 82 of the Superseding Indictment; and unlawful distribution of a controlled substance to a person under 21 years of age in violation of Title 21, U.S.C., § 859, and Title 18, U.S.C., § 2 as charged in Counts 88, 89 and 91 of the Superseding Indictment.

In accordance with the jury's findings, it is ADJUDGED that the defendant, BRETT W. BRANCH, has been found GUILTY and CONVICTED of the offenses of conspiracy to distribute and dispense Schedule III controlled substances in violation of Title 21, U.S.C., § 846 and Title 18, U.S.C., § 2 as charged in Count 1 of the Superseding Indictment; unlawful distribution and dispensing of controlled substances in violation of Title 21, U.S.C., § 841(a)(1), and Title 18, U.S.C., § 2 as charged in Counts 2 - 37 of the Superseding Indictment; unlawful distribution of a controlled substance to a person under 21 years of age in violation of Title 21, U.S.C., § 859, and Title 18, U.S.C., § 2 as charged in Counts 88 - 94 of the Superseding Indictment; conspiracy to commit money laundering in violation of Title 18 U.S.C., § 1956(h), 1956(a)(1)(A)(i) and 2 as charged in Count 96 of the Superseding Indictment.

In accordance with the jury's findings, it is ADJUDGED that the defendant, RONALD E. WINTER, has been found NOT GUILTY and ACQUITTED of the offenses of conspiracy to distribute and dispense Schedule III controlled substances in violation of Title 21, U.S.C., § 846 and Title 18, U.S.C., § 2 as charged in Count 1 of the Superseding Indictment; unlawful distribution and dispensing of controlled substances in violation of Title 21, U.S.C., § 841(a)(1), and Title 18, U.S.C., § 2 as charged in Counts 2, 3, 12, 13, 18, 19, 20, and 26 - 32 of the Superseding Indictment; unlawful distribution of a controlled substance to a person under 21 years of age in violation of Title 21, U.S.C., § 859, and Title 18, U.S.C., § 2 as charged in Counts 88 and 89 of the Superseding Indictment.

Therefore, all charges in the Superseding Indictment filed on December 30, 2008 against Robin K. Kelly, J. Mallory Mallon, Roger A. Everett, and Ronald E. Winter are hereby **DISMISSED**.

It is **ORDERED** that the defendant, A. SAMUEL KELLEY, II, shall REMAIN on  the conditions of release entered on January 26, 2009 (Doc. 49), pending imposition of sentence **SCHEDULED** for **Wednesday, June 9, 2010, at 1:00 p.m.,** to be held in Courtroom 2B, United States Courthouse, Mobile, Alabama.

The presentence investigation report shall be completed by U. S. Probation and disclosed to the parties on or before **May 5, 2010**.

On or before **May 26, 2010**, the parties shall each file a "Position of (United States) (Defendant) with Respect to Sentencing Factors" in accordance with this Court's Standing Order Number Five.  All other requirements and deadlines of that Standing Order shall be strictly observed and enforced.

It is **ORDERED** that the defendant, JASON R. KELLEY, shall REMAIN on  the conditions of release entered on January 26, 2009 (Doc. 50), pending imposition of sentence **SCHEDULED** for **Wednesday, June 16, 2010, at 1:00 p.m.,** to be held in Courtroom 2B, United States Courthouse, Mobile, Alabama.

The presentence investigation report shall be completed by U. S. Probation and disclosed to the parties on or before **May 12, 2010**.

On or before **June 2, 2010**, the parties shall each file a "Position of (United States) (Defendant) with Respect to Sentencing Factors" in accordance with this Court's Standing Order Number Five.  All other requirements and deadlines of that Standing Order shall be strictly observed and enforced.

It is **ORDERED** that the defendant, JODI C. SILVIO, shall REMAIN on  the conditions of release entered on January 26, 2009 (Doc. 48), pending imposition of sentence

**SCHEDULED** for **Wednesday, June 23, 2010, at 1:00 p.m.,** to be held in Courtroom 2B, United States Courthouse, Mobile, Alabama.

The presentence investigation report shall be completed by U. S. Probation and disclosed to the parties on or before **May 19, 2010**.

On or before **June 9, 2010**, the parties shall each file a "Position of (United States) (Defendant) with Respect to Sentencing Factors" in accordance with this Court's Standing Order Number Five.  All other requirements and deadlines of that Standing Order shall be strictly observed and enforced.

It is **ORDERED** that the defendant, J. MICHAEL BENNETT, shall REMAIN on  the conditions of release entered on January 26, 2009 (Doc. 51), pending imposition of sentence **SCHEDULED** for **Wednesday, June 30, 2010, at 1:00 p.m.,** to be held in Courtroom 2B, United States Courthouse, Mobile, Alabama.

The presentence investigation report shall be completed by U. S. Probation and disclosed to the parties on or before **May 26, 2010**.

On or before **June 16, 2010**, the parties shall each file a "Position of (United States) (Defendant) with Respect to Sentencing Factors" in accordance with this Court's Standing Order Number Five.  All other requirements and deadlines of that Standing Order shall be strictly observed and enforced.

It is **ORDERED** that the defendant, BRETT W. BRANCH, shall REMAIN on  the conditions of release entered on January 23, 2009 in the District of Colorado, pending imposition of sentence **SCHEDULED** for **Wednesday, July 7, 2010, at 1:00 p.m.,** to be held in Courtroom 2B, United States Courthouse, Mobile, Alabama.

The presentence investigation report shall be completed by U. S. Probation and disclosed to the parties on or before **June 2, 2010**.

On or before **June 23, 2010**, the parties shall each file a "Position of (United States) (Defendant) with Respect to Sentencing Factors" in accordance with this Court's Standing Order Number Five.  All other requirements and deadlines of that Standing Order shall be strictly observed and enforced.

The parties having reached an agreement as to the forfeiture counts, Counts 197 and 198 of the Superseding Indictment, as set forth on the record on February 8, 2010, the United States is **ORDERED** to file its motion for preliminary order of forfeiture **on or before March 11, 2010.**

Any post trial motions shall be filed **on or before March 11, 2010.**  Responses shall be filed **no later than April 14, 2010**, and any replies deemed necessary shall be filed no later than **April 21, 2010**.

**DONE and ORDERED** this the 9th day of February, 2010.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE